**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DANIEL R. RICE, etc.,

    Plaintiff,

v.                                                                                              Case No. 3:23-cv-296-TJC-JBT

WINTRUST FINANCIAL CORP.,
etc., et al.,

    Defendants.

**O R D E R**

    Plaintiff Daniel Rice, proceeding without counsel, brings claims related to the November 2016 purchase and subsequent servicing of a mortgage loan on residential property in Live Oak, Florida. See Doc. 1.[1] Rice claims that at the time of the closing, he noticed and advised defendants about errors in the property appraisal with regard to the square footage, number of rooms, and the exterior measurements, among other errors. In March 2023, Rice filed an eight-count complaint against thirteen different defendants (including two unnamed parties), all of whom he alleges were involved in the transaction, alleging the Court has both diversity and federal question jurisdiction.

---

[1] At one point in his complaint, plaintiff alleges the closing took place in 2016 and in another, he alleges 2017. Plaintiff clarified in a subsequent filing that it was 2016. See Doc. 43 at 2.

Defendants have appeared and move to dismiss under Federal Rule of Civil Procedure 12(b)(6).[2]  See Docs. 12, 22, 34, 42, 56, 59.  Rice has responded to most of the motions (see Docs. 20, 39, 43, 45, 58), although it is not clear whether he was properly served with all of them.  The case was stayed for a period at Rice's request while he recovered from injuries sustained in an auto accident.  Rice has not requested any further stay.  The Court is therefore prepared to proceed.[3]

"To survive a [12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (citing Twombly, 550 U.S. at 555).  The Court construes the filings

---

[2] In addition to raising Rule 12(b)(6) as a basis for dismissal, the government also moves to dismiss Count One under 12(b)(1) and Count Six under 12(b)(3).  These grounds are discussed below.

[3] Rice is not prejudiced by the Court ruling on motions to which he has not responded because those motions only repeat arguments raised in other motions to which he has responded.

of pro se parties more liberally than those filed by lawyers, but this does not mean that the Court can rewrite plaintiff's filings to create a cause of action where one does not exist. Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014).

For the reasons explained below, plaintiff's complaint is due to be dismissed in its entirety. While the Court is doubtful that Rice can cure the deficiencies, he will be given an opportunity to file an amended complaint.

First, as to subject matter jurisdiction, Rice claims one basis is diversity jurisdiction. However, two of the defendants (Law Offices of Popkin & Rosaler P.A. and Michael A. Popkin) are alleged to be citizens of the state of Florida (see Doc. 1 at 5), as is plaintiff (see Doc. 1 at 2-3), so diversity jurisdiction is not available.[4] See, e.g., Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410-12 (11th Cir. 1999). Rice states that federal question is the other basis for jurisdiction. Although Rice has sprinkled references to various federal statutes throughout his complaint, most of those references are inapplicable. For example, in Count Two, Rice states that defendants have breached a fiduciary duty owed under 29 U.S.C. §§ 1109 and 1111, but those laws relate to the qualifications and responsibility of a fiduciary with regard to an employee

---

[4] The Court accepts at face value the allegation that the amount in controversy exceeds $75,000 exclusive of interest and costs. See 28 U.S.C. § 1332(a).

3

benefit plan, which has nothing to do with the allegations of this case. Likewise, Counts Three and Four name criminal statutes as the basis for the claims but those statutes do not include provisions for a private right of action. See 18 U.S.C. §§ 1341, 1001.  Counts One (the FTCA claim) and Eight (and ADA claim) may provide the source of federal question jurisdiction but they too have problems.  First, only the United States can be sued under the FTCA so that count is not a basis to bring a claim against any of the non-government parties.  As for the ADA claim, only four of the thirteen defendants are named in that count so it does not provide a basis to exercise subject matter jurisdiction over the rest of the defendants.  Assuming either of those claims are sustainable, the Court could consider whether exercising supplemental jurisdiction over the other claims and parties is appropriate under 28 U.S.C. § 1637, but the Court has doubts as to whether any of the claims are viable.  The Court will be revisiting its subject matter jurisdiction if plaintiff files an amended complaint.

Turning to the motions to dismiss, as to all counts, over the course of his 41-page complaint plaintiff makes a series of disconnected statements about various laws and duties and alleges generally that defendants have violated these laws and duties, but he fails to explain what action any particular defendant took (or failed to take) that align with the elements of any cause of action as is required by Rule 8.  Defendants cannot answer claims that do not

4

explain what they did. This is especially problematic as to the fraud claims, which must be pled with particularity under Rule 9(b).

As to Count One, as stated above, an FTCA claim can only be brought against the government so this claim is due to be dismissed as to all other parties named in Count One.[5] And as to the government, it argues Rice failed to take the prerequisite step of filing an administrative claim prior to filing suit, and it is now too late to do so as it appears his claim accrued more than two years ago. See 28 U.S.C. §§ 2675(a) and 2401(b). Plaintiff's response to the government's motion fails to address these legal arguments. Unless plaintiff has a basis to amend this claim in a way that addresses these issues, he should not include an FTCA claim in an amended complaint.

The Court assumes Counts Two, Three, Four, Six and Seven (breach of fiduciary duty, simple fraud, fraud in the inducement, breach of contract and RICO, respectively) are brought under Florida law because the federal statutes cited do not provide a basis to bring these claims. If so, the statute of limitations would bar these claims as to all defendants.[6] See Fl. Stat. §§

---

[5] As the government correctly argues in raising its 12(b)(1) argument, if this claim is to go forward, the proper party would be the United States of America, not the U.S. Department of Veteran's Affairs or any of its affiliated agencies or employees.

[6] Plaintiff's complaint is not very clear but the Court assumes, as do the defendants, that the event precipitating all of plaintiff's claims is the allegedly faulty appraisal, which plaintiff alleges he knew about in 2016, over six years

95.11(2)(b), 95.11(3)(j), 895.05(11). Additionally, as to Counts Two, Three, Four and Five, the government argues that it has sovereign immunity with respect to real property interests except when it holds a lien or interest in a mortgage or the real property, but no such interest is present here because that interest only takes hold when a VA-guaranteed loan is in default, which is not the case here. See 28 U.S.C. § 2410. Plaintiff did not address this in his response. Absent a good faith basis to allege that the loan is in default, plaintiff should not replead these counts as to the government. As to Count Six, the government argues that a breach of contract claim against the VA must be brought under the Tucker Act, 28 U.S.C. § 1491(a)(1), and Tucker Act claims must be brought in the United States Court of Federal Claims. The government therefore moves to dismiss Count Six for improper venue under 12(b)(3) (in addition to 12(b)(6)). Plaintiff did not respond to this argument. The government is correct that this claim cannot be brought against it here.

Count Five states it is an "action on collusive practices" but fails to explain what the elements of such a claim are or how any defendant has violated it. This claim is due to be dismissed and may not be replead unless plaintiff has a basis in the law to do so.

---

before he filed this lawsuit.

6

Count Eight is an ADA claim against four of the defendants for failure to accommodate plaintiff but it fails to explain any circumstances as to how or when or where the alleged ADA violation occurred and it is therefore due to be dismissed.

In sum, the Court cannot tell from this complaint what any defendant is alleged to have done wrong. And even if plaintiff is able to present his claims in a manner that comports with the Rules, it appears that he likely waited too long to file this lawsuit.[7] Plaintiff will have to file an amended complaint if this case is to go forward. If plaintiff chooses to do so, he must clearly state which defendant took what action to violate what duty or law. It is not sufficient to group the defendants together as plaintiff has done here without any explanation as to who did what. Plaintiff should not name a defendant in any count unless he has a good faith basis to do so. The Court will stay all discovery and will not be entering a Case Management and Scheduling Order until the pleadings are settled.

---

[7] Some of the defendants reference a similar state court action pending in Suwannee County Circuit Court. Perhaps plaintiff should focus his efforts on that case instead.

Accordingly, it is hereby

**ORDERED:**

Defendants' Motions to Dismiss (Docs. 12, 22, 34, 42, 56 and 59) are **GRANTED** to the extent that plaintiff's complaint is dismissed in its entirety. Plaintiff may file an amended complaint no later than **March 22, 2024**. Defendants shall respond to the amended complaint no later than **April 19, 2024**. If defendants move to dismiss, plaintiff shall respond to the motion(s) no later than **May 17, 2024**. Defendants are reminded that plaintiff is proceeding pro se and all filings must be sent to him by U.S. Mail to the address provided on the docket. He does not receive filings via CM/ECF and has not accepted electronic service. Any filing from any defendant which fails to include a certificate of service reflecting service on plaintiff by U.S. Mail to the address on the docket will be stricken and not considered.

If plaintiff fails to file an amended complaint (or seek an extension) by the March 22, 2024 deadline, this case will be dismissed without prejudice without further notice.

**DONE AND ORDERED** in Jacksonville, Florida this 20th day of February, 2024.



TIMOTHY J. CORRIGAN
United States District Judge

8

s.
Copies:

Counsel of record
<u>Pro</u> <u>se</u> plaintiff